```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH WILSON,

                Plaintiff,          ORDER
                                    05-CV-4825(JS)(ARL)
        -against-

COUNTY OF NASSAU,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Joseph Wilson, pro se
                   10-R-1024
                   Bare Hill Correctional Facility
                   Caller Box 20 - 181 Brand Rd.
                   Malone, NY 12953

For Defendant:     Liora M. Ben-Sorek, Esq.
                   Nassau County Attorney's Office
                   One West Street
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On May 21, 2007, the Court granted pro se Plaintiff Joseph Wilson's request to have his case administratively closed while he is incarcerated. (See Docket Entry 29.) At that time, the Court explained that the matter was closed without prejudice and that Plaintiff had the right to re-open his case within six months of his release from custody.

Pending before the Court is Plaintiff's letter seeking guidance as to whether his previous enrollment in the Nassau County District Attorney's Drug Treatment Alternative to Prison ("DTAP") program is considered "custody" for the purposes of

triggering Plaintiff's six-month period in which to re-open his case. Defendant indicates that Plaintiff has been in and out of the Nassau County Correctional Center ("NCCC") since April 2007. It argues that Plaintiff twice failed to notify the Court within six months of his release from custody (September 2007 and May 2009, respectively) and that Plaintiff has therefore waived his right to re-open this case. (See Docket Entry 31.) Plaintiff has apparently been re-incarcerated at the Bare Hill Correctional Facility, where he remains today.

The Court does not decide here whether Plaintiff's stint in DTAP amounted to "custody" for the purposes of calculating the timeframe in which to re-open his case because Plaintiff's letter does specifically seek to re-open his case. Rather, it appears to be a request as to how the Court would interpret the DTAP program in the context of its May 2007 Order administratively closing Plaintiff's case.

If Plaintiff seeks to re-open his case, he shall specifically say so in a letter to the Court. Upon Plaintiff's request, the Court will evaluate whether Plaintiff has waived his right to re-open this litigation by considering the standard governing dismissals for failure to prosecute. See Benson v. Dep't of Health & Human Services, 104 F.3d 352 (2d Cir. 1996) (unpublished table decision).

The Clerk of the Court is directed to update the Docket Sheet to reflect Plaintiff's new address (listed at the top of this Order) and to mail Plaintiff a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  11 , 2011
       Central Islip, New York